AFENOA T. FAAMULI of Alega, Petitioner

v.

LEIATO, LAUMILO, TOAFILI, SILA, FATU, AILUA, AGATUPU,
TI'A MALELE, SAVELIO, ULI, MINUTE, MIKAELE and
KILISI, all of Fagaitua, Defendants

No. 17-1957

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Alega" in Alega]

November 29, 1957

Heard at Fagatogo on November 12, 1957 before MOR-
ROW, *Chief Judge*, and APE and LETULIGASENOA,
*Associate Judges*.

Mabel Reid, counsel for Afenoa T. Faamuli.

Aifili Sauvao, counsel for the 13 defendants.

OPINION OF THE COURT

MORROW, *Chief Judge.*

On October 25, 1957 the plaintiff, after consultations with members of the Faamuli Family (Clan) residing on the land Alega in the Village of Alega, filed a petition to evict the defendants from such land. During the course of the hearing it appeared to the Court that the plaintiff was suing on behalf of the Faamuli Family and we shall consider the petition as having been filed by the plaintiff as representative of the Family. The Court viewed the land Alega in the presence of the representatives of the parties prior to the hearing.

It is admitted that each of the defendants has a taro plantation within the limits of the land Alega as registered in Vol. I at pages 354–5, Native Titles. Plaintiff claims that these taro plantations cause the water supply for the people residing on Alega to become contaminated. Prior to instituting this action the plaintiff requested the defendants to remove their plantations from the land.

At the outset it is necessary for the Court to determine whether Alega is the communal family land of the Faamuli Family or the individually owned land of the lineal descendants of Taape Faamuli. The record in the case of *Toafili of Fagaitua, Tuitele of Leone and Leiato of Fagaitua v. Taape Faamuli of Alega*, No. 16-1944 (H.C. of Am. S.) shows that on August 4, 1944 Taape Faamuli filed his application to register the land Alega (as shown on a survey accompanying the application) *"which is communal land under my control for said family"* (quotation is from the application signed by Taape Faamuli with emphasis added). The record in that case further shows that Toafili

309

of Fagaitua, Tuitele of Leone, and Leiato of Fagaitua, each filed an objection to the proposed registration, each of the objectors claiming that the land was the communal family land of his family.

■ The case was heard by the High Court on Dec. 13 and 15, 1944. The decree entered in the case providing for the registration of the land Alega as shown on the survey accompanying the application to register read: "It is OR-DERED, ADJUDGED AND DECREED that Taape Faamuli of Alega, be allowed to register the title to the property known as 'Alega' in his own name for the sole benefit of himself, *the members of his family* (emphasis added) and his heirs, and assigns forever." This was clearly a decree for the registration of Alega as communal family land of the Faamuli Family. Otherwise "the members of his family" would not have been included in the decree. We cannot disturb the decision in that case, the decree, which was final, having been rendered by a court having jurisdiction after a hearing participated in by all the parties. See 30 Am.Jur. 908.

The Faamuli title is a lesser matai title in the Toafili Family of Fagaitua according to the evidence in this case. In an examination by Judge Muli in the Alega land case, No. 16-1944 (H.C. of Am. S.) heretofore referred to Taape Faamuli in answer to the question "Is Toafili your matai?" answered "Yes." And in answer to "Your father was Faamuli. Was Faamuli a matai name or not?" Taape answered "That was a matai name and my father held it." (Page 5 of transcript in No. 16-1944, H.C. of Am. S.). In his application for the registration of the land Alega, Taape Faamuli described himself as the "matai of Faamuli Family of Fagaitua Village."

It is our conclusion that the land Alega, as shown on the survey accompanying the application to register it filed by Taape Faamuli and duly registered, is the communal fam-

ily land of the Faamuli Family and that Afenoa T. Faamuli has the right to maintain this action as the representative of the Faamuli Family.

High Chief Leiato, a witness for the defendants, admitted on the stand that each of the defendants had a taro plantation upon Alega. He testified that the plantations had been in existence since before the war and prior to the time of the survey of Alega in 1944. Afenoa, testifying for the Faamuli Family, said that the plantations had been on the land since 1949 and that no objection to their continuance had been made until just a very short time before the institution of this action on October 25, 1957 when he complained to Leiato about the plantations and requested their removal by the defendants, all of whom are residents of Fagaitua.

There was no satisfactory proof that the plantations in and of themselves are contaminating the water supply of the Faamuli Family members residing on Alega. There was testimony that during dry weather the water supply was discolored to some extent. However, that is not proof at all that the discoloration was caused by the plantations themselves because during dry weather there would not be any surface water reaching the water supply from the plantations to carry sediment. We think if there was any contamination at all, and we are not satisfied from the evidence that there was or is any, it might have occurred during wet weather as a result of human excreta sometimes (according to the evidence) deposited in or near the plantations.

But whether there was any contamination or not, those defendants who are not members of the Faamuli Family have no right to the use of communal land of the Faamuli Family for plantations without the permission of the Faamuli Family. One man has no right to use another man's property without the permission of the owner.

311

■ We do not believe from the evidence that the Faamuli Family (it has been without a matai since Taape's death) had given any express permission. However, no complaint with knowledge of the plantations by the Faamuli Family for 8 years (according to the testimony of Afenoa and at least 16 years according to Leiato) might well be ground for inferring such permission in view of the customs of Samoans with respect to planting non-permanent crops such as taro on land not owned by the planter.

The evidence convinces us (in fact there was no contradiction in the evidence on this point) that defendants Ailua and Toafili are members of the Faamuli Family, and we so find. As such they have as much right to have taro plantations on Alega, which is communal land of the Faamuli Family, as the members of the Family who are living in Alega.

As to the other 11 defendants, they have no right without permission to continue to maintain indefinitely taro plantations on land which neither they nor their families own.

■ However, the 11 have their taro plantations on Alega under circumstances from which (in view of no complaint from the Faamuli Family for at least 8 years and in view of the customs of the Samoans with respect to planting non-permanent crops such as taro on land not their own) permission of the owners to put in such plantations may well be implied. Under these circumstances we cannot order removal of the plantations of the 11 defendants at once even though the implied permission may have been revoked. Such removal at once would result in a destruction of food at a time when the outbreak of war might well cut off Samoa from its sources of food from foreign countries. This Court judicially knows that food shortages occur in Samoa from time to time despite shipping lanes being open.

312

In view of the implied permission to the 11 defendants to put in the plantations they should have a reasonable time to remove them without destroying them. We think a reasonable time is nine months from December 1, 1957 by which time all the taro now in the ground will have matured. Where plantations have been put in on land with permission of the landowners in prior cases we have held that such permission cannot be revoked effective at once. See *Sa-Lemeanai Family and Leasiolagi of Asu for the Fao Family v. Tomasi and Tulei of Iliili*, No. 22-1951 (H.C. of Am. S.); *Heirs of Lemeanai Family v. Iosia of Tafuna*, No. 20-1953 (H.C. of Am. S.); *T. Magalei et al. v. R. S. Tago Sianava*, No. 23-1955 (H.C. of Am. S.).

A license to put in a plantation and relied on cannot be peremptorily revoked so as to require its immediate removal with the destruction of a growing crop. The cases just cited establish that proposition.

■ There was no satisfactory proof that the water supply on Alega was being contaminated by human excreta deposited in the vicinity of the plantations. The expression of an opinion of contamination from this source by Afenoa who is not an expert was not proof. His opinion was a mere guess without knowledge. Furthermore, there was evidence of only one instance of human excreta. However, it is not amiss to point out that Sec. 865 of the A. S. Code provides that:

"Polluting Water Supply: If any person shall wilfully corrupt or pollute in any manner any well, spring, creek or river, or other source of public water supply used for drinking purposes, he shall be fined not more than $100.00, or imprisoned not more than one year, or both."

ORDER

In accordance with this opinion the defendants Leiato, Laumailo, Sila, Fatu, Agatupu, Ti'a Malele, Savelio, Uli, Minute, Mikaele and Kilisi are each hereby ORDERED to

313

remove his taro plantation on the land Alega on or before September 1, 1958.

Costs in the amount of $2.50 are hereby assessed against Afenoa T. Faamuli and costs in the amount of $13.75 are hereby assessed against defendants Leiato, Laumilo, Sila, Fatu, Agatupu, Ti'a Malele, Savelio, Uli, Minute, Mikaele and Kilisi, each of whom is to pay $1.25. All costs are to be paid within 15 days.